UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 2:15-cr-61-DBH |
| ) | |
| CORINTHIAN WRIGHT,   ) | |
| ) | |
| Defendant   ) | |

ORDER ON MOTIONS FOR PRETRIAL PRODUCTION OF EVIDENCE

Defendant Corinthian Wright, charged, along with co-defendant Kendall Francis, with conspiracy to distribute cocaine base and heroin, possession with intent to distribute cocaine base, and possession with intent to distribute heroin, *see* Indictment (ECF No. 18), has filed three motions seeking the pretrial production of evidence and a pretrial hearing on the admissibility of co-conspirator evidence, *see* Corinthian Wright's CORRECTED Motion for Pretrial Production and Preliminary Hearing to Resolve Questions Regarding Conspiracy Evidence and Co-Conspirator Hearsay ("Conspiracy Evidence Motion") (ECF No. 55) (capitalization in original); Corinthian Wright's Motion for Immediate Pretrial Production of Brady and Giglio Materials ("*Brady/Giglio* Motion") (ECF No. 56); Corinthian Wright's Motion for Pretrial Production of Evidence Regarding Punishment ("Punishment Evidence Motion") (ECF No. 57).  For the reasons that follow, the motions are denied.

### I. Conspiracy Evidence Motion

The defendant states that discovery to date has included "a large volume of evidence regarding individuals not charged in this matter who have no apparent or obvious connection to [him] or the conduct charged in this case."  Conspiracy Evidence Motion at [1].  He seeks the immediate pretrial production of alleged co-conspirator evidence and a pretrial hearing on the

1

admissibility of such evidence pursuant to Federal Rules of Evidence 104(a) and 801(d)(2)(E). *See id*. at [2]-[4].[1]  He avers that a pretrial preliminary hearing would permit a more straightforward presentation of the evidence, lessen the risk of confusion to the jury, avoid needless, time-consuming interruption of the trial, prevent unfair overreaching in opening statements, and spare the defense the need to guess at the government's hidden proofs.  *See id*.

The government contends that the motion is meritless insofar as it seeks the immediate production of co-conspirator statements because the government has produced "the entire wiretap" to the defendant and, to the extent that he seeks so-called "Jencks Act" materials, he fails to offer legal support for their immediate production.  *See* Government's Response to Defe[n]dant's Pretrial Motions ("Omnibus Response") (ECF No. 64) at 2 & n.2.  It notes that, pursuant to First Circuit precedent, a court may conditionally admit co-conspirator hearsay evidence during trial, subject to a final determination at the conclusion of the defense evidence. *See id*. at 2; *see also, e.g., United States v. Ciampaglia*, 628 F.2d 632, 637-38 (1st Cir. 1980) (agreeing with defendant that court should not make final ruling on admissibility of co-conspirator evidence until it has heard defendant's evidence; holding that trial court may conditionally admit such evidence, subject to final determination out of jury's hearing on its admissibility).  It argues that, in any event, unless and until any particular calls or statements are in dispute, there is no need for a pretrial hearing.  *See* Omnibus Response at 2.

In view of the government's representation that it has produced the entirety of the wiretap material, the motion for immediate production is denied.  The defendant offers no basis for the pretrial turnover of any material pursuant to the Jencks Act, which "obliges the government,

---

[1] To admit such statements against a defendant, the government "must prove, by a preponderance of the evidence, that the declarant and the defendant were members of a conspiracy when the statement was made, and that the statement was made in furtherance of the conspiracy." *United States v. Ciresi*, 697 F.3d 19, 25 (1st Cir. 2012). "A district court's determination as to whether this burden has been met is known in this circuit as a *Petrozziello* ruling, after [the First Circuit's] holding in *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977)." *Id*. (citations and internal quotation marks omitted).

once a witness has testified, to proffer upon a defendant's timely request any statement of that witness in its possession, whether or not exculpatory, that relates to the subject matter of the witness's testimony." *United States v. Sepúlveda-Hernández*, 752 F.3d 22, 32 (1st Cir. 2014).

In his reply, the defendant concedes that this district follows the approach laid down in *Ciampaglia* but contends that it violates his due process and Sixth Amendment rights because it allows the jury to hear evidence that may later be deemed inadmissible.  *See* Reply to Government's Response (ECF # 64) to Corinthian Wright's Evidentiary Pretrial Motions (ECF 55, 56, and 57) ("Omnibus Reply") (ECF No. 69) at [2]-[3].  Yet, he fails to address why the curative procedures set forth in *Ciampaglia* are insufficient; namely, that "if the determination is against admitting the [co-conspirator] declaration, the court will give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice." *Ciampaglia*, 628 F.2d at 638.

In any event, there is no live controversy.  The government has not identified co-conspirator declarations that it will seek to admit, and the defendant has not raised concerns about any specific statements from the wiretap evidence produced to him.

The motion, accordingly, is denied.

## II.  *Brady/Giglio* Motion

The defendant next seeks the immediate production of all so-called *Brady* and *Giglio* materials, including those bearing on the credibility of the government's witnesses.  *See Brady/Giglio* Motion at [1].

"*Brady* [*v. Maryland*, 373 U.S. 83 (1963),] requires the Government to disclose any exculpatory evidence which is material either to guilt or to punishment." *United States v. Rivera-Hernández*, 497 F.3d 71, 79 (1st Cir. 2007) (citation and internal quotation marks

3

omitted). "Information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. (citation and internal quotation marks omitted). In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court concluded "that the nondisclosure of certain impeachment information falls within the *Brady* rubric." *Id*. "However, there is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Id*. (citation and internal punctuation omitted).

As the government observes, in this district, motions for immediate pretrial production of *Brady* and *Giglio* materials are routinely denied on the government's representation that it will comply in due course with its obligation to provide such materials. *See* Omnibus Response at 4; *United States v. Stewart*, 182 F. Supp.2d 97, 99 & n.3 (D. Me.), *recon. denied*, 190 F. Supp.2d 97 (D. Me. 2002), *aff'd*, 337 F.3d 103 (1st Cir. 2003). The government represents that it recognizes its obligations under *Brady*, *Giglio*, and their progeny, has already made the defendant aware of potentially exculpatory DNA evidence, is unaware of any additional *Brady* material but will provide timely disclosure of any such material that comes to light, and will disclose *Giglio* material sufficiently in advance of trial to allow for its effective use. *See* Omnibus Response at 2-3.

The defendant urges the court to reevaluate its routine denial of requests for pretrial production of *Brady* and *Giglio* materials, arguing that the practice effectively denies his constitutional rights to due process and to confront witnesses against him. *See* Omnibus Reply at [1]. He argues that the government gains an unfair advantage, and he is prejudiced, when it retains discretion to determine the timing of its production of such materials, denying him adequate time to investigate the evidence fully and prepare his defense. *See id.* He asserts that "[t]he real issue here is the tension between the Government's right to withhold evidence under

the Jencks Act and the Defendant's right to constitutionally mandated discovery under *Brady* and *Giglio*[,]" arguing that, "[w]here the two rights are in conflict, the Defendant's right to constitutionally mandated discovery in a timely manner must be given priority." *Id.* at [2].

The defendant's speculation that he might be harmed by the government's untimely production of *Brady*/*Giglio* materials does not afford a compelling reason to depart from this court's practice of denying motions such as this where, as here, the government represents that it will produce such materials in a timely fashion.

The motion, accordingly, is denied.

### III.  Punishment Evidence Motion

The defendant finally seeks pretrial production of all evidence that the government will, or may, use at sentencing. *See* Punishment Evidence Motion at [1]. He concedes that Federal Rule of Criminal Procedure 16 does not directly support requests related exclusively to sentencing matters but argues that, absent such information, given the impact that uncharged "relevant conduct" might have on sentencing, his decision whether to enter a guilty plea or proceed to trial cannot be knowing, voluntary, and informed. *Id.* at [1]-[4]. However, he contends that because he is charged in a drug case alleging a conspiracy not only with his named co-defendant but also with "others known and unknown," there is a real risk of sentencing surprises if he is convicted. *Id.* at [2]-[3].

He points out that, in a recent concurring opinion, Judge Torruella criticized the use of relevant conduct in sentence enhancement. *See id.* at [3]; *United States v. St. Hill*, 768 F.3d 33, 39 (1st Cir. 2014) ("All too often, prosecutors charge individuals with relatively minor crimes, carrying correspondingly short sentences, but then use section 1B1.3(a) of the Sentencing Guidelines ("Guidelines") to argue for significantly enhanced terms of imprisonment under the

guise of 'relevant conduct' – other crimes that have not been charged (or, if charged, have led to an acquittal) and have not been proven beyond a reasonable doubt.") (footnote omitted) (Torruella, J., concurring).

The government counters that it has already produced wiretap and other discovery materials relevant to punishment, and what the defendant actually appears to seek is the immediate production of Jencks Act materials. *See* Omnibus Response at 4. It distinguishes *St. Hill* on the basis that, here, the defendant is not charged with a minor crime but, rather, serious crimes carrying substantial penalties. *See id*. at 4 n.3.

The defendant rejoins that Judge Torruella's concurrence in *St. Hill* does indeed support his argument that a defendant is denied constitutionally guaranteed rights if he is compelled to decide whether to go to trial or enter a guilty plea without full knowledge of the "relevant conduct" evidence that will be used at sentencing. Omnibus Reply at [3]. He argues that the Jencks Act should not trump his constitutional rights. *See id*. at [4].

Yet, "the Jencks Act only requires that a witness's statements be supplied to the Defendant by the Government after the witness has testified on direct examination." *United States v. Miller*, 484 F. Supp.2d 154, 158 (D. Me. 2007); *see also* 18 U.S.C. § 3500(a) ("In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.").

In his *St. Hill* concurrence, Judge Torruella criticized the practice of charging relatively minor crimes but then using "relevant conduct" pursuant to the Sentencing Guidelines to enhance sentence length significantly – in St. Hill's case, from a range of two to eight months to

one of 84 to 105 months. *St. Hill*, 768 F.3d at 40. However, he did not suggest that this problem should be remedied through the use of pretrial discovery of any kind, let alone of Jencks Act materials. *See id*. at 39-42.

The defendant having failed to offer persuasive authority for the proposition that he should be permitted pretrial discovery of materials relating to punishment, including Jencks Act materials, the motion is denied.

### IV.  Conclusion

For the foregoing reasons, the Conspiracy Evidence Motion, *Brady*/*Giglio* Motion, and Punishment Evidence Motion are **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Criminal Procedure 59(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 6th day of August, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge